# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

24-7 BRIGHT STAR
HEALTHCARE, LLC,

     Plaintiff,

     v.

BRIGHTSTARS HELPING HANDS
LLC,

     Defendant.

Case No. 6:22-cv-2087-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes on for consideration without oral argument on Plaintiff's Motion for Final Judgment by Default and Permanent Injunction (Dkt. 19), filed on April 10, 2023. Upon consideration, it is respectfully recommended that Plaintiff's Motion be granted in part and denied in part.

## I.  BACKGROUND

On November 11, 2022, Plaintiff filed a three-count trademark infringement action, pursuant to federal and state law, against Defendant Brightstars Helping Hands LLC ("Brightstars" or "Defendant"). *See* Dkt. 1. Defendant was properly served with the Complaint on January 26, 2023, and failed to timely respond. Dkt. 15. As a result, the Clerk of Court entered default on March 1, 2023. Dkt. 17. Pursuant to Federal Rule of Civil

Procedure 55(b)(2), Plaintiff now moves for entry of final default judgment. Dkt. 19. The matter is ripe for review.

## II.   LEGAL STANDARDS

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III.   ANALYSIS

In this report and recommendation, I will first consider the Court's jurisdiction over Plaintiff's claims and Defendant, and whether service and the entry of default are proper. I then address Defendant's liability, Plaintiff's

request for permanent injunctive relief, and the request for an award of attorney's fees.

## A.  Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as over "any civil action arising under any Act of Congress relating to . . . trademarks." 28 U.S.C. § 1338. The Lanham Act, 15 U.S.C. § 1051, *et seq.*, specifies further that the federal district courts have jurisdiction over "all actions arising under this chapter." *Id.* at § 1121(a). Because this action arises under the Lanham Act, *See* Dkt. 1 at ¶ 3, the Court has subject-matter jurisdiction. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims under Florida common law. *See id.* at 11–12.

The Court has personal jurisdiction over Defendant because Brightstars is a limited liability company organized and existing in Florida, with its principal place of business in Florida. *See id.* at ¶ 2; Fed. R. Civ. P. 4(k); Fla. Stat. § 48.193.

## B.  The Entry of Default

Plaintiff properly served Defendant by serving its registered agent, United States Corporation Agents, Inc., at its address 476 Riverside Avenue, Jacksonville, Florida. *See* Dkt. 15; Fed. R. Civ. P. 4(h)(1); Fla. Stat. § 48.062.

Defendant did not appear, and no responsive pleading was ever filed. On March 1, 2023, the Clerk of Court entered Clerk's Default. Dkt. 17.

### C.   Liability

#### i.   Count I: Federal Trademark Infringement, 15 U.S.C. § 1114

Trademark infringement under Section 32 of the Lanham Act, codified at 15 U.S.C. § 1115, occurs when "a defendant, without consent, uses 'in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark' that 'is likely to cause confusion' that a relationship exists between the parties." *FCOA LLC v. Foremost Title & Escrow Servs., LLC*, 57 F.4th 939, 946 (11th Cir. 2023) (citing 15 U.S.C. § 1114(1)). A plaintiff must demonstrate "(1) that it owns a valid mark with priority, and (2) that the defendant's mark is likely to cause consumer confusion with plaintiff's mark." *Id.* (citation omitted).

Taking Plaintiff's well-pleaded allegations as true, I find that it has sufficiently asserted a claim for trademark infringement. Plaintiff's registration of its 14 different marks constitutes *prima facie* evidence of validity, 15 U.S.C. § 1115(a), and Plaintiff's marks all have priority because

they were federally registered long before Defendant incorporated as a company and started using its name and logos in 2021. *See* Dkt. 1 at ¶ 10.[1]

Courts perform a two-step analysis when analyzing the likelihood of confusion. "At step one, the court considers several factors which can provide circumstantial evidence of likelihood of confusion. *FCOA*, 57 F.4th at 947. These factors are:

> (1) the strength of the allegedly infringed mark; (2) the similarity of the infringed and infringing marks; (3) the similarity of the goods and services the marks represent; (4) the similarity of the parties' trade channels and customers; (5) the similarity of the advertising media used by the parties; (6) the intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Id.* At step two, the court weighs each of the relevant factors to determine whether likelihood of confusion can reasonably be inferred. *Id.*

Again, taking Plaintiff's well-pleaded allegations as true, I find there is a sufficient likelihood that Defendant's intended use of the name "Brightstars" is likely to cause confusion among consumers. As Plaintiff alleges, the marks are nearly identical (Brightstar versus Brightstars) and cover the same or closely related services. Dkt. 1 at ¶¶ 18, 19, 29. The name "Brightstar" is an arbitrary mark bearing no relationship to the healthcare services being offered,

---

[1] Plaintiff's 14 federally registered marks were all registered between 2009 and 2015. Dkt. 1 at ¶ 10.

and so it is a strong mark. *FCOA*, 57 F.4th at 949. Defendant Brightstars offers nearly identical services in the home healthcare space as Plaintiff. *See* Dkt. 1 at ¶¶ 16, 18. I therefore find Plaintiff's Complaint to sufficiently allege a claim for trademark infringement under Section 32 of the Lanham Act.

### ii. Count II: Federal Unfair Competition and Trademark Infringement, 15 U.S.C. § 1125(a)

Even though a claim for unfair competition is broader than one for trademark infringement, the same facts that support a claim for trademark infringement are also sufficient to support a claim for unfair competition. *See Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1562 (M.D. Fla. 1993); *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991) (noting that the same facts support trademark infringement and unfair competition).

### iii. Count III: State Common Law Unfair Competition

Because the analysis for trademark infringement liability under the Florida common law is the same as the analysis under the Lanham Act, I find Plaintiff sufficiently alleged a claim in Count III of its Complaint. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (citing *Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003)).

## D.    Injunctive Relief

Plaintiff seeks a permanent injunction enjoining Defendant from further infringing on its federally registered marks.[2] I will first address whether Plaintiff is entitled to injunctive relief and then, if so, address the scope of that relief.

### i.    Entitlement to Injunctive Relief

Under the Lanham Act, a district court has the power to grant injunctions "upon such terms as the court may deem reasonable," that would "prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or to prevent a violation under the Lanham Act. *See* 15 U.S.C. § 1116(a). Indeed, "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1263 (S.D. Fla. 2019) (alteration and citation omitted). Injunctive relief is available against defaulting defendants. *Id.*

To obtain a permanent injunction, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such

---

[2] In its Complaint, Plaintiff sought monetary damages, as well as attorney's fees and costs and a permanent injunction. *See* Dkt. 1 at ¶¶ 33, 38, 44. But in its motion, Plaintiff seeks only a permanent injunction and attorney's fees and costs. Dkt. 19 at 13–18.

as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted). Here, I find the allegations in Plaintiff's Complaint to be sufficient to establish the necessary elements for a permanent injunction.

### 1.   Irreparable Harm

A sufficiently strong showing of likelihood of confusion caused by trademark infringement may, by itself, establish irreparable harm. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (citations omitted). In any event, Plaintiff "need not show irreparable harm, as the default against Defendant[] satisfies the element of success on the merits"). *Artista Records, Inc. v. Beker Enters., Inc.*, 2998 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (citation and quotation omitted).

Plaintiff alleges that its services are similar to the services offered by Defendant, that both operate in the same industry, and that Defendant's use of its name and marks creates confusion among customers. Dkt. 1 at ¶¶ 18, 19, 29. Plaintiff alleges that customer confusion will irreparably harm its reputation and the goodwill it has gathered. *Id.* at ¶¶ 31–33; *see Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (per curiam)

(infringement by its nature causes irreparable harm); *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005) (per curiam) (grounds for irreparable injury include loss of control of reputation, loss of trade, loss of goodwill, or the possibility of confusion).[3]

Because Plaintiff alleges a likelihood of confusion, I find that it has made a sufficient showing of irreparable injury.

### 2.   No Adequate Remedy at Law

Plaintiff has no adequate remedy at law against Defendant who has used, and continues to use, infringing marks. *See RCI TM Corp. v. R&R Venture Grp., LLC*, No. 6:13-cv-945, 2015 WL 668715, at \*7 (M.D. Fla. Feb. 17, 2015) (stating that the Eleventh Circuit has noted there is "generally no adequate remedy at law" for trademark infringement cases).

The extent of future damages is unknown and Plaintiff alleges that Defendant's actions, if not enjoined, will—and have—continued. Dkt. 1 at ¶ 30–31. This factor therefore supports an injunction.

---

[3] Although *Ferrellgas Partners* is unpublished and therefore non-binding, I find its guidance and reasoning persuasive. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

### 3.   Balance of Hardships

This factor also weighs in favor of a permanent injunction. Defendants will not be harmed by prohibiting the use of an infringing name and mark. *RCI TM Corp.*, 2015 WL 668715, at *8.

### 4.   Public Interest

Finally, I find that the public interest would not be disserved by the issuance of a permanent injunction, which would prevent confusion among Plaintiff's customers resulting from Defendant's use of its infringing marks. *See Chanel*, 362 F. Supp. 3d at 1264 ("[T]he public interest supports the issuance of a permanent injunction . . . to prevent consumers from being misled." (citation omitted)).

### ii.   Scope of Injunctive Relief

Without any argument in support, Plaintiff contends the Court should enter an order imposing a permanent injunction on Defendant "in the form of the proposed order filed concurrently herewith." Dkt. 19 at 18. Not only did Plaintiff not file a proposed order, but it also did not clearly articulate in its motion the form of injunctive relief it is seeking.

Notwithstanding Plaintiff's oversight, the Court's discretion to award injunctive relief is "bounded by both historical practice and traditional remedial principles." *Georgia v. President of the United States*, 46 F.4th 1283, 1303 (11th Cir. 2022) (citing *Black Warrior Riverkeeper, Inc. v. U.S. Army*

*Corps of Eng'rs*, 781 F.3d 1271, 1290 (11th Cir. 2015), and *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999)). Any such relief "should be 'limited to the inadequacy that produced the injury in fact that the plaintiff has established,' and 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'" *Id.* (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018), and *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

Here, Plaintiff has established an injury associated with Defendant's use of a confusingly similar name. The scope of injunctive relief should therefore be limited to preventing the continuation of that use. Consequently, I respectfully recommend that the Court permanently enjoin Defendant, and all persons and entities acting on behalf of Defendant, in concert with Defendant, or under Defendant's control or direction, from using its marks "Brightstars" and "Brightstars Helping Hands" in connection with home healthcare and home care services.

### E.    Attorney's Fees and Costs

"The Lanham Act allows courts to award reasonable attorney fees to prevailing parties 'in exceptional cases.'" *Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 116 F. Supp. 3d 1290, 1292 (N.D. Ala. 2015) (quoting 15 U.S.C. § 1117(a)). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014), the Supreme Court held that an exceptional case "is simply

one that stands out from others with respect to the substantive strength of a party's litigating position" or the way the party litigated the case. The Court also lowered the requisite evidentiary standard for proving an "exceptional" case from clear and convincing evidence to a preponderance of evidence. *Octane Fitness*, 572 U.S. at 1758.

Determining whether a case is exceptional and, if so, whether to award attorney's fees is within the sound discretion of the court. *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)). That determination requires consideration of the totality of the circumstances and must be made on a case-by-case basis. *Octane Fitness*, 572 U.S. at 554. Courts consider a non-exhaustive list of factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

"A case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim . . . ." *Tobinick*, 884 F.3d at 1119. It is only in "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555.

- 12 -

Plaintiff contends that it is entitled to attorney's fees because Defendant "willfully and deliberately used Defendant's Marks, with full knowledge that these marks infringed on Plaintiff's rights in the Brightstar Marks." Dkt. 19 at 16. According to Plaintiff, because "Defendant stopped responding to Plaintiff's reasonable efforts to resolve the matter amicably," and "Defendant's willful infringement may be inferred by its failure to respond to the Complaint or appear" here, this case qualifies as "exceptional" so as to entitles it to attorney's fees. *Id.[4]*

"A failure to respond does not make the case exceptional, otherwise every default case would warrant attorney's fees, which is not supported by the statute." *Hunter Residential Servs., LLC v. AAA Randpro Plumbing, Inc.*, No. 8:16-cv-1311, 2017 WL 1987247, at *6 (M.D. Fla. Feb. 21, 2017). Indeed, "[the] failure to respond to demand letters, and the failure to respond to the lawsuit

---

[4] Plaintiff's argument follows *PetMed*'s focus on whether Defendant's conduct was willful and deliberate, not the factors set forth in *Octane Fitness. See* Dkt. 19 at 16–17. I agree with other judicial officers in this district who have concluded that, after *Octane Fitness*, courts should not rely on *PetMed*'s reasoning to award fees to prevailing plaintiffs in a default case. *See, e.g.*, *BMW of N. Am., LLC v. Cuhadar*, No. 6:14-CV-40-ORL-37DAB, 2014 WL 5420133, at *5 (M.D. Fla. July 10, 2014).

Plaintiff's failure to identify and at least acknowledge authority contrary to its position is unfortunate. Counsel is reminded that, pursuant to Federal Rule of Civil Procedure 11(b)(2), parties have a duty of candor to the Court, which includes advancing only legal contentions that are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. I expect more from Plaintiff's experienced counsel and law firm.

led to losing the case," but "the statutory language requires more than merely prevailing [to be 'exceptional']." *RCI TM Corp.*, 2015 WL 668715, at *11.

Applying the *Octane Fitness* standard and considering the totality of the circumstances, I do not find that a fee award is warranted. Although Defendant's conduct—that is, ignoring Plaintiff and continuing to use marks known to be the subject of litigation—may be deliberate and willful, these facts do not make this case exceptional under the statute.

And, even if the Court were to find the circumstances of the case to be "exceptional," the decision whether to award fees is still discretionary. *Id.* Considering the complete lack of discussion of the controlling case law, an award of fees for an "exceptional" case is unwarranted here.

I therefore respectfully recommend that Plaintiff's request for attorney's fees be denied.

## IV.   CONCLUSION

Upon consideration, it is respectfully **RECOMMENDED** that:

1.     Plaintiff's Motion for Final Judgment by Default and Permanent Injunction (Dkt. 19) should be **GRANTED in part**;

2.     The Clerk should be **directed** to enter default judgment in favor of Plaintiff and against Defendant Brightstars Helping Hands LLC;

3. The Court should enjoin Defendant, and all persons and entities acting on behalf of Defendant, in concert with Defendant, or under Defendant's control or direction, from using its marks "Brightstars" and "Brightstars Helping Hands" in connection with home healthcare and home care services;

4. The Court should deny Plaintiff's request for an award of attorney's fees; and

5. Once judgment is entered, the Court should **direct** the Clerk to close this case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See*

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on July 24, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton

Counsel of Record